RORY SOARES TOOMEY #2323
3539 Kahawalu Drive
Honolulu, Hawaii 96817
Tel: (808) 595-8570
Email: rtoomey55@gmail.com

Attorney for Plaintiffs
MATTHEW N. WYNN and
FRANK CRIVELLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW N. WYNN and FRANK CRIVELLO,<br><br>Plaintiffs,<br>vs.<br>WILLIAM J. AILA, JR. in his official capacity as the Director of the Department of Land and Natural Resources,<br>Defendant. | CIVIL No. CV-14-00356 DKW RLP<br><br>FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE |

FIRST AMENDED COMPLAINT

Plaintiff MATTHEW N. WYNN, by and through his undersigned counsel, and for his First Amended Complaint to add Plaintiff FRANK CRIVELLO as a Plaintiff against Defendant WILLIAM J. AILA, JR., in his official capacity as the Director of the Department of Land and Natural Resources.

Plaintiffs MATTHEW N. WYNN and FRANK CRIVELLO (hereinafter "Plaintiffs") are non-residents of Hawaii, who are pelagic commercial fishermen delivering their catch in Honolulu. Plaintiffs catch their fish on the high seas, in international waters and the U.S. EEZ. Plaintiffs unload their catch in Honolulu just the same as resident pelagic fishermen. In order for Plaintiffs to unload and sell their catch in Honolulu, they are required to purchase a commercial fishing license, just like a resident except they have to pay four times as much for the same activity. Plaintiff WYNN is domiciled in Oregon and Plaintiff CRIVELLO is domiciled in California. Plaintiffs allege as follows on information and belief, except where based on personal knowledge.

## I. INTRODUCTION

1. This action challenges the unconstitutional discrimination suffered by Plaintiffs for the fees charged by the State of Hawaii, Department of Land and Natural Resources, Division of Aquatic Resources (hereinafter "DLNR") for a commercial fishing license. Hawaii law requires that any person in the fishing business meaning any person who sells or exchanges, or who is an agent in the transfer of marine life obtained directly from a commercial marine licensee, or any commercial marine licensee who sells or exchanges marine life at retail. Commercial purpose means the

taking of marine life for profit or gain or as a means of livelihood where the marine life is taken in or outside of the State, or where the marine life is sold, offered for sale, landed, or transported for sale anywhere in the State. As detailed below, Plaintiffs was charged a fee for such license, ("Non-Resident Fees") that are as much as four times higher than fees charged for the same license to resident commercial fishermen ("Resident Fees").

2. The table below describes the extreme difference between the annual Resident and Non-Resident fees charged by the DLNR for years.

| | 2012 | 2013 | 2014 |
|---|---|---|---|
| Commercial Fishing License – **Resident** | $50.00 | $50.00 | $50.00 |
| Commercial Fishing License – **Non-Resident** | $200.00 | $200.00 | $200.00 |

3. As described herein, a Commercial Fishing License is required of any person that wishes to land fish in Hawaii. Thus, a non-resident who commercially lands fish in Hawaii is required to pay $200.00 for the license. If the same person was a Hawaii resident and engages in the same activity he would be required to only pay $50.00.

4. Charging Plaintiffs and other Non-Resident Hawaii commercial fishermen these Non-Resident Fees for unloading fish in Honolulu that was caught outside state waters,  clearly established constitutional prohibitions

against discriminating in commercial regulations between the residents of the State and Non-Residents.

5. Defendant's conduct of charging a non-resident a higher fee for bringing in a product from out of state to be sold in the same is subjecting Plaintiffs and other non-resident Hawaii commercial fishermen to deprivations of: (a) the privileges and immunities guaranteed to Class members under Article 4, Section 2, Clause I of the U.S. Constitution; (b) rights of non-resident Hawaii commercial fishermen to be free of discrimination prohibited by the Dormant Commerce Clause of Article 1, Section 8 of the U.S. Constitution; and (c) the rights of non-resident Hawaii commercial fishermen to equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution.

6. Plaintiffs **are not** bringing suit against Defendant in his individual capacity any longer under 42 U.S.C. §§ 1983, and are not seeking damages suffered by Plaintiffs as a result of Defendant's wrongful conduct.

7. Plaintiffs bring suit against Defendant in his official capacity under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Procedure 57, for the declaratory, preliminary, and permanent injunctive relief, the cost of the suit and reasonable attorneys fees and prayed or herein.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in Hawaii.

## III. PARTIES

A. Plaintiff

10. Plaintiff WYNN has been a commercial fisherman for over 3 years and continues to be a Hawaii commercial fisherman fishing in Hawaii. During the entire period that Plaintiff has been a Hawaii commercial fisherman, Plaintiff has been domiciled in Oregon. As a result, Plaintiff has been forced to pay discriminatory and illegal Non-Resident Fees for commercial fishing licenses complained herein. Moreover, Plaintiff will remain domiciled in Oregon and intends to continue being a Hawaii commercial fisherman in the future; thus, without the injunctive relief prayed for herein, Plaintiff will continue to be forced to pay discriminatory and illegal Non-Resident Fees complained of herein.

11. Plaintiff CREVILLO has been a commercial fisherman for over 3 years and will continue to be a Hawaii commercial fisherman fishing in Hawaii. During the entire period that Plaintiff has been a Hawaii commercial

fisherman, Plaintiff has been domiciled in California. As a result, Plaintiff has been forced to pay discriminatory and illegal Non-Resident Fees for commercial fishing licenses complained herein. Moreover, Plaintiff will remain domiciled in California and intends to continue being a Hawaii commercial fisherman in the future; thus, without the injunctive relief prayed for herein, Plaintiff will continue to be forced to pay discriminatory and illegal Non-Resident Fees complained of herein.

B. Defendant

12. Although the practice of charging non residents a higher fee for a long time before the Defendant William J. Aila, Jr. (hereinafter "Aila" and/or "Defendant") became the Director of the DLNR, Defendant Aila has the authority to administer and enforce polices and provisions of the Hawaii Administrative Rules (hereinafter "HAR") of DLNR, that establish the Non-Resident Fees complained of herein. Aila further exercised this authority by exercising and/or failing to exercise his authority under various provisions of the HAR to adjust Non-Resident Fees, as alleged herein.

13. In exercising these and other authorities granted to him and described herein and acting under the color of law, Defendant Aila is subjecting Plaintiffs to the deprivation of their rights as alleged herein.

Defendant Aila is sued in his official capacity for injunctive relief, as prayed for below.

## IV. FACTUAL ALLEGATIONS

14. As described herein, Defendant has set discriminatory Non-Resident Fees, failed to correct discriminatory Non-Resident Fees, and/or enforced provisions setting discriminatory Non-Resident, which were, and are, as much as more than four times higher than the Resident Fees charged for a Commercial Fishing License.

15. Plaintiffs have been charged these discriminatory fees in violation of their rights, privileges and immunities guaranteed under the Constitution.

### A. Defendant Has Caused, And Threatened to Cause, Plaintiffs to Pay Discriminatory Non-Resident Fees for Commercial Fishing Licenses That Are Approximately Four Times More Than Resident Fees

16. Haw. Rev. Stat. 189-2, gives the DLNR, through the Director of DLNR, which during this period was and is Defendant Aila, the authority to adopt rules pursuant to chapter 91, to set the fees charged by the DLNR for commercial fishing licenses.

17. Accordingly, each year during this action, the DLNR Defendant caused, took actions to cause, or failed to take actions which caused, Plaintiffs to be deprived of their rights, privileges and immunities under the

Article 4, Section 2, Clause 1 of the U.S. Constitution, and the equal protection clause of Fourteenth Amendment of the U.S. Constitution, and Defendants threatened to take the same actions and make the same omissions if not enjoined from doing so in the matter prayed for herein.

## V. COUNT I
## (VIOLATION OF DORMANT COMMERCE CLASUE OF ART. I OF THE U.S. CONSTITUTION AND 42 U.S.C. § 1983)

18. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

19. The dormant or negative commerce clause of Article 1, Section 8, Clause 3 prohibits discrimination against interstate commerce.

20. It is clearly established law that the regulation of access to natural resources that places a differential burden on out-of-state access to natural resources is subject to dormant Commerce Clause scrutiny.

Regulation of commercial fishing in particular, has long been established as subject to dormant Commerce Clause scrutiny.

21. Regulations of access to natural resources based on the residency of the natural resource user is subject to scrutiny and can only be upheld if narrowly tailored to meet serve the legitimate interests of the State.

22. The Non-Resident Fees charged to Plaintiffs and other non residents are facially discriminatory, having both the purpose and effort of

requiring Plaintiffs to pay more than Hawaii resident commercial fishermen for a commercial fishing license that is required in order to land the fish which was caught outside Hawaii State waters, based solely on Plaintiffs status as non-Hawaii residents. The Non-Resident Fees are therefore *per se* invalid, and Defendant cannot justify them as the only means by which a legitimate local interest can be advanced.

23. Defendant Aila caused Plaintiffs to be subjected to these harms through the exercise of his authority granted to him under various provisions of Hawaii State law to adjust the amounts charged for licenses complained of herein, which Defendant has exercised each year to charge the Non-Resident Fee.

24. Defendant Aila has also caused Plaintiffs to be subjected to these harms by his failure to fulfill his duties under Hawaii Law to recommend to the DLNR or the Hawaii legislature that these Non-Resident Fees to be adjusted to eliminate the discrimination between Plaintiffs and commercial fishermen who are Hawaii residents.

25. Defendant Aila has also caused Plaintiffs to be subjected to these harms by enforcing provisions of Hawaii law that require Plaintiffs to pay the discriminatory Non-Resident Fees.

26. As a direct and proximate result of these acts and omissions by Defendant taken and made, under the color of law in violation of Plaintiffs rights under the dormant Commerce Clause of the United States Constitution, Article 1, Section 8, Clause 3 and 42. U.S.C. § 1983, Plaintiffs continue to suffer unless Defendant's conduct is now enjoined in the matter sought herein.

VI. COUNT II
(VIOLATION OF PRIVILEGES & IMMUNITIES CAUSED OF ART. IV
OF THE U.S. CONSTITUTION AND 42 U.S.C. § 1983)

27. The Privileges and Immunities Clause of the Article IV of the United States Constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

28. One of the privileges granted by the Clause is the right to a non-resident to engage in a commercial activity on equal terms as those on which a resident is entitled to engage in the commercial activity.

29. It has long been clearly established law that commercial fishing, in particular, is sufficiently basic and the livelihood of the nation as to fall within the purview of the Privileges and Immunities Clause.

30. As alleged herein, Defendant, under the color of law, has through his acts and omissions caused Plaintiffs to be deprived of their

privileges to engage in certain types of commercial activity, i.e. landing fish in the State of Hawaii on equal terms as Hawaii residents.

31. Specifically, these acts and omissions have caused Plaintiffs and similarly situated people to pay four times as much as Commercial Fishing Licenses, as Hawaii resident commercial fishermen are required to pay.

32. The disparity in treatment between Plaintiffs and Hawaii resident commercial fishermen are not closely related to the advancement of any substantial Hawaii state interest.

33. Plaintiffs have not constituted any particular source of evil at which Defendants action and omission are aimed.

34. Accordingly, Defendant's actions and omissions as alleged herein have subjected Plaintiffs to be deprived of the privileges to which they are guaranteed, in violation of Article IV of the U.S. Constitution and 42 U.S.C. § 1983, and Plaintiffs will suffer further damages unless Defendants conduct is not enjoined in the matter sought herein.

## VII. COUNT III
## (VIOLATION OF EQUAL PROTECTION CLAUSE OF FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND 42 U.S.C. § 1983)

35. Section I of the Fourteenth Amendment of the U.S. Constitution forbids a State and its officials from "deny[ing] to any person within its jurisdiction the equal protection of the law."

36. As alleged herein, Defendant under the color of law, have through his acts and omissions denied Plaintiffs equal protection of the law as it relates to fees charged by the State of Hawaii as a precondition of the rights to engage in commercial fishing in the State of Hawaii.

37. The purpose and effect of these actions and omissions is to discriminate against non-resident commercial fishermen, in favor of domestic commercial fishermen.

38. It has long been clearly established law that such a purpose has long been recognized as illegitimate, and thus an improper and unconstitutional basis for differential treatment under the law.

39. Accordingly, Defendants actions and omission as alleged herein have subjected Plaintiffs to be deprived of the privileges to which they are guaranteed, in violation of Article IV of the U.S. Constitution and 42 U.S.C. § 1983, and Plaintiffs will suffer further damages unless Defendants conduct is not enjoined in the matter sought herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment on their behalf, adjudging and decreeing that:

A. DLNR practice and procedure violate the United States Constitution;

B. Defendant Aila in his official capacity is enjoined and restrained from enforcing any provision of law under which non-resident commercial fishermen are required to pay more for any type of license than a resident commercial fisherman is required to pay;

C. That judgment in favor of Plaintiffs be entered against the Defendant in his official capacity.

D. Any and all other relief that the court deems fit.

DATED: Honolulu, Hawaii May 15, 2015.

/s/ Rory Soares Toomey
Attorney for Plaintiffs
MATTHEW N. WYNN
FRANK CRIVELLO